STATE EX REL. GATES, PLAINTIFF, *v.* DISTRICT COURT
ET AL., DEFENDANTS.

(No. 5,426.)

(Submitted December 1, 1923. Decided December 24, 1923.)

[221 Pac. 543.]

*Certiorari—Appealable Orders—Writ not Available.*

*Certiorari*—Appealable Order—Writ Does not Lie.
    1.  Under the rule that *certiorari* does not lie where appeal is avail-
able, *held,* that an order so modifying a decree of divorce as to
suspend payment of alimony and awarding the custody of a minor
child to the father upon remarriage of the mother was a special
order made after final judgment and appealable (sec. 9731, Rev.
Code 1921), and that therefore the writ of review was not available
to review the correctness of the order.
Same—What not Ground for Issuance of Writ.
    2.  The fact that a district judge having jurisdiction exceeded his
authority in making the order above referred to at chambers in
his own district, the action having been tried by him in another
district, was not sufficient ground to justify the issuance of the
writ of *certiorari* to review his action.

    *Certiorari* by the State, on the relation of Nettie M. Gates,
formerly Nettie M. Powell, plaintiff, against the District Court
of the Fifth Judicial District in and for the County of Madi-
son, and B. B. Law, Judge presiding.   Dismissed.

    *Messrs. Walker & Walker,* for Relatrix, submitted a brief;
*Mr. Frank C. Walker* argued the cause orally.

    *Mr. M. M. Duncan* and *Mr. Ike E. O. Pace,* for Respondents.
submitted a brief; *Mr. Pace* argued the cause orally.

    MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

    In an action for divorce pending in the district court of
the fifth judicial district in and for Madison county, wherein
Nettie M. Powell was plaintiff and Jonathan W. Powell was
defendant, both judges of the fifth district were disqualified

---

    1.  Exception to the rule that *certiorari* will not lie where there is
an appeal, see note in 50 L. R. A. 787.

for imputed bias, and Judge Law of the ninth judicial district was called in to try the case. At the conclusion of the trial, and on March 27, 1922, a judgment was rendered and entered which granted to the plaintiff a divorce for offenses of the defendant; awarded to her an allowance of $7,000, designated permanent alimony; gave to her the custody and control of two minor children, Donald Powell and Catherine Powell; and required defendant to contribute $40 per month for the care and support of such children.

On or about November 1, 1922, plaintiff married Elton Gates. On July 16, 1923, defendant petitioned the court for an order modifying the judgment in so far as it awarded permanent alimony, the custody of the two children, and required the defendant to contribute $40 per month for the care and support of those children. On September 25, 1923, Judge Law, at chambers in Bozeman, issued an order to show cause why the prayer of the petition should not be granted, which contained the following provision: "Pending the hearing of this order to show cause and until further order of the court, the defendant Jonathan W. Powell is hereby relieved from paying any further alimony or money for the care of said minor children." The order to show cause was made returnable and for hearing on October 11, and personal service of it was made on September 28.

On October 1, at chambers in Bozeman and without notice to plaintiff, Judge Law made an order modifying the judgment in so far as it awarded to plaintiff the custody of the minor child, Donald Powell, and awarded the custody of that child to defendant Jonathan W. Powell, until the further order of the court.

On October 9, Judge Law made an order that the hearing upon the order to show cause, set for October 11, be "vacated and the hearing continued indefinitely unless by stipulation or agreement of counsel for the respective parties the same be definitely set to be heard before another judge prior to any order made definitely setting the same, by the judge now having jurisdiction thereof."

Upon application of Nettie M. Gates, formerly Nettie M. Powell, this court issued a writ of *certiorari* to review the order of September 25 suspending payment of alimony and maintenance money and the order of October 1 awarding custody of the minor child, Donald Powell, to the father. A return has been made and the matter submitted for determination.

At the outset we are confronted by the objection of defend-
[1]   ant, in this proceeding, that *certiorari* is not an available remedy, and we think the objection must be sustained.

It is too well settled in this state to be open to further controversy that if an appeal lies from the orders, relief by *certiorari* cannot be had. (*State ex rel. Prato* v. *District Court,* 55 Mont. 560, 179 Pac. 497; *State ex rel. Deck* v. *District Court,* 64 Mont. 110, 207 Pac. 1004; sec. 9837, Rev. Codes 1921.)

Section 9731, Revised Codes of 1921, provides for an appeal "from any special order made after final judgment." The effect of each of the orders in question is to amend or modify the judgment in the divorce action. Each affects the rights of the parties as they are fixed by the judgment, and each of the provisions modified is incorporated in the judgment. Under these circumstances, there is no escape from the conclusion that each order is a special order made after final judgment within the meaning of section 9731, above, and is appealable.

The fact that in making each order Judge Law exceeded
[2]   his authority (*Rowan* v. *Gazette Printing Co, ante,* p. 170, 220 Pac. 1104) is not sufficient ground to justify the issuance of a writ of review (*State ex rel. King* v. *District Court,* 24 Mont. 494, 62 Pac. 820).

The proceeding is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.