[File No. 7113]

DELORES ESTELLE OLSON, known now as Delores Estelle Johnson, Respondent, v. CLIFFORD ARTHUR OLSON, Appellant.

(38 NW2d 32)

Opinion filed May 13, 1949.   Rehearing denied June 23, 1949.

*Day, Lundberg & Stokes,* for appellant.
*Daniel S. Letnes* and *Philip R. Bangs,* for respondent.

NUESSLE, Ch. J.   Plaintiff and defendant were married in 1937. In 1946 plaintiff brought an action for divorce on grounds of cruelty.   Three children were born to the marriage, the youngest, a boy, and two girls.   During the period of their marriage the parties acquired considerable property.

The trial of the cause was had and the court found for the plaintiff.   On May 20, 1947 judgment was entered granting plaintiff an absolute divorce and awarding her substantial alimony in property and money.   The greater part of the money

portion thereof was to be paid in installments as follows: $1000 to be paid on or before December 1, 1947, $1000 to be paid on or before December 1, 1948, $1000 to be paid on or before December 1, 1949, and $1235 to be paid on or before December 1, 1950. The judgment further provided that the plaintiff should have a lien on all of the real property the defendant had or might thereafter acquire in the State of North Dakota as security for the payment of the above stated amounts. Custody of the children was awarded to the plaintiff subject to further order of the court and defendant was required to pay a substantial amount monthly for their care and maintenance. The judgment further provided that the plaintiff should not remarry within one year from May 20, 1947. However, on August 13, 1947 on plaintiff's application and after hearing, the court modified the order theretofore made to permit her to remarry at any time after that date. On October 9, 1947 the court amended the order with respect to the custody of the children and awarded the custody of the girls to the defendant with the right of visitation by their mother and the custody of the boy to his mother with the right of visitation by the defendant. Thereafter the plaintiff remarried.

The payment of the alimony required to be paid on December 1, 1947 was not made. On December 5 plaintiff procured an order directed to the defendant to show cause why he should not be adjudged in contempt on account of this default. Pursuant to this order a hearing was had on December 23. At this time it was agreed between plaintiff's counsel and defendant's counsel that this payment would be made on condition that the plaintiff release the lien imposed by the court on certain of his real property which the defendant desired to sell. At the same time the court made an order that the two girls in the custody of the defendant be given to their mother for the holiday season with the requirement that they be returned to the defendant on the 4th of January 1948. All of this was done rather informally and not pursuant to the hearing on the order to show cause. While there was no formal order made discharging the order the proceeding was in fact abandoned.

On December 26 defendant's attorney drew a sight draft on

the defendant in favor of the plaintiff for $1050 in payment of alimony money required to be paid as of date December 1 and pursuant to the arrangement agreed upon on December 23. Thereupon plaintiff's attorney delivered a release of the lien on the real property the defendant desired to sell, and the sale was made. The sight draft was mailed to the plaintiff who was then in Minnesota.

It was presented for payment on January 6. In the meantime the plaintiff had taken the girls to Minnesota and failed and refused to return them to the custody of their father. Defendant refused payment of the sight draft. He had, however, prior to that time sent the plaintiff a check for $100 which the court later applied in reduction of the thousand dollar payment that was to have been made on December 1.

On March 18, 1948 plaintiff procured an order directed to the defendant to show cause why he should not be found in contempt because of his refusal to pay the thousand dollar payment ordered by the court and which he had agreed to pay in consideration of the release of plaintiff's lien. In response to this order defendant showed that the plaintiff had departed from the State of North Dakota and the jurisdiction of the court, had taken the children with her and refused both to return and thus make herself amenable to the court's order, and to bring the children back within the jurisdiction of the court. He alleged that because of this conduct on the part of the plaintiff he had refused to pay the sight draft when the same was presented and that otherwise he would have paid it.

The court considered the showing as made. He found that the defendant had the means to make the payment as ordered but had wilfully refused to do so and held that therefore defendant was in contempt. But he also found, and counsel for the plaintiff conceded the fact, that the plaintiff herself was in contempt on and from the 6th day of January 1948 because of her departure from the state with the children and her refusal to return them pursuant to the court's order. Notwithstanding the latter finding, the court ordered that the defendant be committed to the county jail of Grand Forks for a period of four months, but that the contempt should be purged on the payment of $900, the

amount which the court found the plaintiff was entitled to pursuant to the order theretofore made. Whereupon the defendant perfected the instant appeal.

Defendant contends on this appeal, as he did in the court below, that even though he was in contempt because of his failure to make the payment of a thousand dollars as ordered by the court, nevertheless, the plaintiff was not entitled to invoke the equitable power of the court to compel such payment since she herself at the time of making application for such relief, was in contempt. He further contends that the procedure leading to the finding of contempt on his part was faulty and that the order entered was on that account ineffective and void. On the other hand the plaintiff contends that she was awarded this payment by the terms of the judgment entered, that therefore she was entitled to it as a matter of right and should not be barred from applying for the relief sought because of her own contempt in failing to comply with the court's order respecting the custody of the children.

Thus the issue is resolved to the question as to whether the plaintiff is entitled to the relief she seeks since when she invoked the power of the court to coerce the payment of alimony due her under the terms of the judgment of divorce, she herself had become in contempt because of her failure and refusal to comply with the requirements of another order of the court entered pursuant to the same judgment.

As stated in Rapalje on Contempts, § 135, "It is a general rule, and especially in courts of equity, that the party in contempt will not be heard to ask any favor of the court, in the case in which the contempt occurs, nor permitted to take any affirmative steps in the particular litigation, except only such as are necessary to his defence against the charge of contempt, until he has purged himself of such charge."

This rule is sustained by ample authority. See Hovey v. Elliott, 167 US 409, 42 L ed 215, 17 S Ct 841, where Mr. Justice White in a most informative opinion cites and analyzes many cases showing the history, development and application of the rule. See also Campbell v. Justices of Superior Court, 187 Mass 509, 73 NE 659, 69 LRA 311, 2 Ann Cas 462.

The judgment in the instant case awarded alimony to the plaintiff. Pursuant to the same judgment the custody of the girls was awarded to the defendant. In defiance of the order the plaintiff went to Minnesota with the girls. She refused to return to North Dakota. The defendant failed to pay an installment of the alimony awarded to the plaintiff. He assigned as his reason for refusing that the plaintiff had failed and refused to return the girls to him as required by the order of the court. Thereafter the plaintiff still remaining in Minnesota with the girls, by her attorney, sought the favor and aid of the court to coerce the defendant through a proceeding in contempt to make the payment due her. Thus the plaintiff ensconced beyond the border of the State of North Dakota, flouts the order of the North Dakota Court, and in the same breath asks that court to enforce through contempt proceedings the award of alimony made by the court in the same judgment pursuant to which the order which she herself refused to obey was made. Clearly she is not entitled to the relief which she thus seeks. Considering all of the circumstances as disclosed the order of the district court adjudging defendant in contempt and ordering him confined in jail until the contempt is purged must be reversed. Williams v. Williams, 167 Miss 115, 148 So 358, 88 ALR 197; Anderson v. Anderson, 207 Minn 338, 291 NW 508; Brinkley v. Brinkley, 47 NY 40, 49; Stratton v. Stratton, 67 SD 354, 293 NW 183; Smith v. Smith, 18 Wash 158, 51 P 355.

After the appeal in the foregoing proceeding was perfected by the defendant the plaintiff applied to the district court for an order requiring defendant to pay her attorney's fees and suit money on the appeal. This application was granted whereupon the defendant perfected an appeal from the order. That appeal was argued and considered with the appeal in the contempt proceeding. Consistent with what we have said in the opinion in that proceeding the order for the payment of attorney's fees and suit money must be reversed. The plaintiff stood in no better position in making that application than she stood in seeking the favor of the district court to enforce the payment of alimony.

The orders from which the appeals were taken are reversed.

BURKE, MORRIS and CHRISTIANSON, JJ., and GRIMSON, District Judge, concur.

BURR, J., did not participate.