BEVERLY JEANNE BUTLER, Petitioner, v. HONORABLE
E. GARDNER BROWNLEE, Judge of the District Court
of the 4th Judicial District, In and For the County of
Missoula, Respondent.

No. 11628.
Submitted Feb. 17, 1969.
Decided March 20, 1969.
451 P.2d 836.

454

E. F. Gianotti (argued), Great Falls, for petitioner.
Leonard J. Haxby (argued), Butte, for respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court,

This is an application for a writ of review of proceedings resulting in modification of a divorce decree in the district court of Missoula County.

All proceedings herein questioned were taken in civil cause #27420, a divorce action in the district court. The district court file discloses that the husband filed a complaint for divorce against his wife alleging, among other things, that two named minor children were born as issue of the marriage. The husband was granted a default divorce by decree dated July 6, 1964. In that decree the court found that the two named minor children were born as issue of the marriage, awarded their custody to the wife, and ordered the husband to pay the wife $100.00 per month for their support.

More than four years later the husband, following attempts to collect child support from him, filed a "Motion for Modification of Divorce Decree" alleging that he "now has satisfactory proof that the two children as noted in the decree" are not his issue. The motion requested "that a modification of said divorce decree be entered and that it shall be noted that there were no children born as issue of subject marriage and that from henceforth the plaintiff be freed from paying the sum of One Hundred Dollars ($100.00) per month or any support to the defendant herein."

The motion was set for hearing on September 27, 1968, the wife did not appear, her default was entered, and testimony was received in support of the motion. On October 3, 1968, the district court entered its order finding that the two named minor children were not issue of the marriage and absolved the husband from making any further support payment for them.

On October 14, 1968, the wife filed her motion to set aside the order of October 3. The husband moved to quash the wife's motion. The district court ordered "a full hearing *on the facts* to determine whether or not the order made on the 3rd day of October, 1968 should remain as entered."

This hearing was held on February 3, 1969 with both parties appearing personally with their respective attorneys. Testimony was taken, the matter taken under advisement, and on February 10 the district court entered its final order.

This order recited that the husband presented proof at the February 3 hearing showing that the two minor children involved were not his children and that the wife presented no proof whatever on this subject. The court concluded that nothing had been presented to it which would justify any change in its previous order of October 3 except that the husband should be required to pay past due and delinquent child support payments provided in the original divorce decree at the rate of $40.00 per month for five years.

The wife then filed a petition for writ of review with this Court. Following ex parte presentation, an order to show cause was issued. On the day set for hearing and immediately prior thereto, the husband filed a motion to quash and an answer to the wife's petition.

Although the husband's answer categorically denied every allegation in the wife's petition except the status of the presiding district court judge, the husband's attorney advised this Court upon oral argument that the factual allegations regarding events that transpired in the district court were not denied but only the legal conclusions contained in the wife's petition. We will treat the answer accordingly.

The gist of the wife's argument is that a writ of review is an available remedy here because the district court exceeded its jurisdiction in determining the paternity of the two minor children, and that the remedy by appeal is neither speedy nor adequate. The husband, on the other hand, contends that a writ of review will not lie because the district court did not exceed its jurisdiction in determining paternity, and the wife's remedy by appeals precludes issuance of a writ of review.

Initially we must determine whether the district court exceeded its jurisdiction in determining the paternity of the two minor children upon the husband's motion for modification of the original divorce decree.

We note that the paternity of the two minor children was placed in issue by the husband's own allegations in his divorce complaint. He alleged therein that these children were born allegations of his complaint. The divorce decree recited that it appeared to the court "that two children have been born as a result of said marriage" naming them, and that the husband "sustained the allegations of his complaint by competent evidence * * *". The divorce decree provided, among other things, "that the defendant is hereby awarded the care, custody and control of the minor children of the parties hereto" and named them. The husband was ordered to pay a sum certain

for their support. There was no appeal from the divorce decree.

It is undoubtedly true that a district court which enters a divorce decree retains continuing jurisdiction to modify child custody and child support awards contained therein. Section 21-138, R.C.M.1947; Barbour v. Barbour, 134 Mont. 317, 330 P.2d 1093. The purpose of this continuing jurisdiction is to enable the court to adjust custody and child support provisions to meet changing conditions that develop after entry of the original award; and it is on the basis of a material change in conditions from those existing at the time of the original award the modifications are made. Trudgen v. Trudgen, 134 Mont. 174, 329 P.2d 225. Common examples of such changing conditions are the remarriage of one or both parents, changes in health or financial circumstances of the parents, and the changing needs and desires of the minor children.

In the instant case, however, the modification of the original child support award is not based on any change in conditions that has occurred since the original decree. On the contrary it is based on an alleged fact that predated the original decree. In essence the husband seeks to relitigate an issue adjudicated in the original decree, viz. the paternity of the minor children.

A judgment not appealed from is conclusive between the parties as to all issues raised by pleadings actually litigated and adjudged as shown on the face of the judgment and reasonably determined in order to reach the conclusion announced. Doull v. Wohlschlager, 141 Mont. 354, 377 P.2d 758; Missoula Light & Water Co. v. Hughes, 106 Mont. 355, 77 P.2d 1041. Although this rule has not heretofore been directly applied by this Court to determination of paternity of minor children in a divorce decree, other jurisdictions hold that under such circumstances the issue of paternity becomes res judicata between the husband and wife under the original divorce decree. Johns v. Johns, 64 Wash.2d 696, 393 P.2d 948; Limberg v.

Limberg, 10 Wis.2d 63, 102 N.W.2d 103; Dornfeld v. Dornfeld, 200 App.Div. 38, 192 N.Y.S. 497; 65 A.L.R.2d 1395; 24 Am.Jur.2d, Divorce and Separation, Sec. 877, p. 998. Still other jurisdictions prevent relitigation of the issue of paternity of minor children under the guise of modification of the original divorce decree for a variety of reasons without directly using the language of res judicata. Peercy v. Peercy, 154 Colo. 575, 392 P.2d 609; Peck v. Superior Court of Los Angeles County, 185 Cal.App.2d 573, 8 Cal.Rptr. 561; Sorenson v. Sorenson, 254 Iowa 817, 119 N.W.2d 129.

■ In our view under the circumstances disclosed here, the court's jurisdiction on the issue of parentage of the minor children became exhausted upon entry of the original divorce decree, and until that decree is reversed on appeal, or regularly amended or vacated for the reasons set forth in and pursuant to Rules 59 and 60, M.R.Civ.P., the court cannot again hear or determine the issue of paternity. As there has been no appeal from the original decree and at the instant "Petition for Modification of Divorce Decree" on its face does not purport to seek relief under Rules 59 or 60, M.R.Civ.P., the district court exceeded its jurisdiction in hearing and determining the issue of paternity of the two named minor children at the hearings of September 27, 1968 and February 3, 1969, and its resulting orders of October 3, 1968 and February 10, 1969.

■ We must next determine whether a writ of review is an available remedy to correct the errors of which the wife complains. At the outset it is abundantly clear that the wife herein has a remedy by appeal. Rule 1 of the Montana Rules of Appellate Civil Procedure provides in material parts that "a party aggrieved may appeal from * * * any special order made after final judgment * * *." Its forerunner, section 93-8003, R.C.M.1947, and its predecessors, provided to like effect. An order modifying a child custody and support award in a divorce decree is a "special order made after final judg-

ment" within the meaning of the appeal statute. State ex rel. Gates v. District Court, 69 Mont. 322, 221 P. 543; McVay v. McVay, 128 Mont. 31, 270 P.2d 393.

█ This Court has previously held that a writ of review will not lie to correct orders modifying child custody and support provisions in a divorce decree even though made in excess of jurisdiction because the remedy by appeal is available. State ex rel. Gates v. District Court, supra.

But must we close our eyes to the need for immediate relief under the circumstances disclosed here? Not at all.

Looking to substance rather than form, it is apparent that the orders of the district court have rendered the children illegitimate and cut off their support. The district court exceeded its jurisdiction in entering these orders. These children are wards of the court. Barbour v. Barbour, supra; State ex rel. Lay v. District Court, 122 Mont. 61, 198 P.2d 761; Wolz v. Wolz, 110 Mont. 458, 102 P.2d 22. The state, as well as the parties to the divorce action, has an interest in their welfare and in their support. To promote this paramount interest, the state must act through the instrumentality of the court.

Art. VIII, Sec. 3 of the Montana Constitution grants to this Court the "power in its discretion to issue and to hear and determine writs of habeas corpus, mandamus, quo-warranto, certiorari, prohibition and injunction, *and such other original and remedial writs as may be necessary or proper to the complete exercise of its appellate jurisdiction.*" (Emphasis supplied.) Rule 17(a) of the Montana Rules of Appellate Civil Procedure provides:

"The Supreme Court is an appellate court but it is empowered by the Constitution of Montana to hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction. *The institution of such original proceedings in the Supreme Court is sometimes justified by circumstances of an emergency nature, as when*

*a cause of action or a right has arisen under conditions making due consideration in the trial courts and due appeal to this court an inadequate remedy, or when supervision of a trial court other than by appeal is deemed necessary or proper."* (Emphasis supplied.)

In our view the foregoing constitutes a grant of power to this Court sufficient to authorize the issuance of an original and remedial writ vacating and setting aside the orders of the district court dated October 3, 1968 and February 10, 1969. Let such writ issue. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, JOHN C. HARRISON and BONNER, concur.