June GILL, Plaintiff and Respondent,

v.

Russyl GILL, Defendant and Petitioner.

Civ. No. 8852.

Supreme Court of North Dakota.

Aug. 13, 1973.

Christensen, Christensen & Bear, Bismarck, for plaintiff and respondent.

William R. Mills, Bismarck, for defendant and petitioner.

VOGEL, Judge.

The appellant in this action, defendant in the lower court, has filed what he denominates a "Petition for Assistance," asking us for an order denying his motion to set aside the judgment and decree of divorce in the lower court. This petition is based upon the power of this court to exercise a "general superintending control over all inferior courts, . . . " N.D.Const., Sec. 86; Sec. 27–02–04, N.D.C.C.

Petitioner previously filed a petition for a writ of mandamus with this court, which was denied by a divided court on November 14, 1972.

Petitioner alleges in substance that the divorce was obtained by fraud or de-

ceit, claiming that his wife obtained his absence from the trial of the divorce action by telling him that she was having the action dropped. Petitioner further claims that the children of his wife, born prior to the marriage, whose support he is required by the divorce decree to pay for, were not adopted by him nor has he admitted paternity. Of course, if this allegation is true, petitioner should be relieved of the judgment so far as it requires him to pay support money. Gibson v. Gibson, 207 Va. 821, 153 S.E.2d 189 (1967).

Petitioner filed a motion to modify the judgment in the trial court, under Rule 60(b), N.D.R.Civ.P., but the court refused to hear his motion on the merits because he was delinquent in his support payments for the children. He claims that he was unable to make the payments, that they are accumulating each month and making compliance even more difficult, and that he is unable to obtain a hearing on his motion to modify the judgment because of his inability to comply with the order of the court for the support payments. He then makes allegations to the effect that a rich man would have been able to obtain relief, but he, being poor, cannot.

The exercise of our superintending control over inferior courts is sparingly used, is never used on light occasions, and is not used unless an emergency exists and there is no other adequate means of correcting the claimed error. Stormon v. District Court of Pierce County, 76 N.D. 713, 38 N.W.2d 785 (1949); State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849 (1947); Ingalls v. Bakken, 167 N.W.2d 516 (N.D.1969). We hold that this is not a case for the exercise of superintending control. We note, however, the Supreme Court of Montana exercised its power in a somewhat similar case, Butler v. Brownlee, 152 Mont. 453, 451 P.2d 836 (1969). In *Butler,* however, the interests of the children were adversely affected by

the order of the lower court, a circumstance not present here.

We believe a solution to the problem can be found at the trial court level. There can be no question as to the broad discretion of the trial court to refuse to modify divorce decrees so long as support payments are delinquent. There is, however, no absolute rule that courts cannot modify judgments while a delinquency exists. On the contrary, it is discretionary with a court to hear motions to set aside the judgment while a delinquency exists. Link v. Link, 262 S.W.2d 318 (Mo.App. 1953); Akin v. Akin, 337 Ill.App. 648, 86 N.E.2d 288 (1949).

It is further well within the authority of a trial court to reconsider a judgment where it appears, or is alleged, that important facts have been withheld from the court at the hearing at which the divorce was granted or the support money or alimony was decreed. Miller v. Miller, 76 N.D. 558, 38 N.W.2d 35 (1949). Concealment of facts which might have changed the outcome of the case may be considered as a "change in circumstances" justifying the reopening of a judgment. Anderson v. Anderson, 85 S.D. 152, 179 N.W.2d 1 (1970), and cases cited.

While we hold that this case is not an appropriate one for the exercise of the superintending power of this court over the district court of Burleigh County, at the same time we suggest that it may be an appropriate case for the district court to exercise its discretion to decide on its merits the motion to modify the judgment, even though the moving party is in default and in contempt of the court's orders, since it is alleged that the court has been misled by concealment of facts which might have resulted, had they been known, in a judgment different from the one that was entered.

Cases such as Olson v. Olson, 76 N.D. 553, 38 N.W.2d 32 (1949), holding that a

party in contempt cannot ask for equitable relief by way of contempt proceedings against the other party, also in contempt, are distinguishable. In the instant case, the petitioner makes allegations which, if true, strike at the very jurisdictional basis of the judgment of the court. The motion here is made under Rule 60(b), N.D.R. Civ.P., and is not an appeal from an order finding a party in contempt, as in Olson v. Olson, *supra*. In *Olson*, each party admitted the validity of the judgment, and claimed the other party was in contempt for failure to comply with it. In the instant case, a party admittedly in contempt if the judgment is valid, claims that either the portion of the judgment relating to child support is invalid (for lack of jurisdiction over the children) or the entire judgment is void or should be set aside because of fraud or inequity. We hold that such a fundamental, and in part, at least, jurisdictional, attack on a judgment may be heard even though the movant is delinquent in his obligations under the judgment, and is in contempt.

 A further reason for denial of the Petition for Assistance in this court is that our superintending power is exercised only in an original proceeding in which the judge of the lower court is a party. Schaaf v. Kennelly, 69 N.W.2d 777 (N.D. 1955). The judge is not a party to this proceeding.

PER CURIAM.

Part of the foregoing opinion is the work of STRUTZ, C. J., deceased, with additions by VOGEL, J., participating on the briefs, to whom it is formally attributed because of inclusion of language not originating with Chief Justice STRUTZ.

ERICKSTAD, C. J., and TEIGEN, KNUDSON and PAULSON, JJ., concur.