No. 14935

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

LORETTA WILSON,

Petitioner and Respondent,

vs.

KENT EUGENE WILSON,

Respondent and Appellant.

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Larry W. Moran argued, Bozeman, Montana

For Respondent:

Landoe, Brown, Planalp, Kommers, Lineberger and
Johnstone, Bozeman, Montana
Gene I. Brown argued, Bozeman, Montana

Submitted:  January 18, 1980

Decided:  FEB 6 - 1980

Filed:  FEB 6 - 1980

Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by Kent Eugene Wilson from a judgment of the District Court of the Eighteenth Judicial District in and for Gallatin County, the Honorable W. W. Lessley presiding, which granted the petition of respondent Loretta Wilson for a dissolution of marriage, custody of the minor child of the parties, support of said minor child, and a division of property.

The parties met in southern California in 1962 at which time appellant was a dentist serving as a captain in the military. When respondent became pregnant, the parties decided to obtain a Mexican marriage on the advice of appellant's attorney. Arrangements were made by said attorney and on October 3, 1962, the parties participated in a marriage ceremony at an attorney's office in Tijuana, Mexico. Neither party has any documentation of this marriage, and attorneys acting on behalf of appellant were later unable to find any record of the marriage in Mexico. Respondent was also unsuccessful in a subsequent attempt to obtain documentation of the marriage in Mexico. After the Mexican ceremony, the parties returned to southern California but they never cohabitated. Appellant returned to the Fort MacArthur dental base where he was stationed in San Pedro, while respondent returned to live in Long Beach. Appellant did not pay respondent's rent or food expenses or otherwise support her, nor did she ever receive a military allotment as a dependant spouse. Respondent was working at this time.

There remains a dispute as to whether the parties ever considered themselves married. Nevertheless, appellant took

respondent to Fort MacAurthur where he represented that she was his wife and obtained a military I.D. and medical privileges for her. In December of 1962, two months after the trip to Mexico, appellant resigned his military commission and left the State of California. He had told respondent that he was going on a hunting trip for a couple of weeks.

Subsequently, respondent located appellant in Indiana. The parties' child was born on April 15, 1963, and on July 7, 1964, respondent sought and obtained a paternity decree against appellant in the Elkhart (Indiana) Cicuit Court. The decree stated that the child was born "out of wedlock" and it ordered appellant to pay $65.33 per month in child support. Appellant has made these payments since the date of the decree.

In contemplation of his marriage to his present wife and because he was unsure of his marital status, appellant initiated proceedings in 1966 for an annulment or in the alternative for a decree of divorce from respondent. This suit was filed in the Superior Court of Lincoln County in the State of Washington, where appellant resided. These proceedings were dropped when respondent filed a cross complaint. Appellant testified in the District Court that he dropped the suit because he had been advised by his attorney that there was no marriage and therefore no need to obtain an annulment or divorce.

Nothing further was done by either party until the present suit was filed by respondent in the Gallatin County District Court on November 30, 1978. Appellant has been a resident of the State of Montana since 1971. He is an orthodontist and his annual income for 1978 was approximately $60,000. In addition he is purchasing a residence and an

office building and has other assets. He testified that he is capable of paying the support payments ordered by the District Court.

Respondent is employed in Long Beach, California as a darkroom technician with a take-home pay of $238 every two weeks. She is a domiciliary and a resident of California. Other than her court appearance in the present case, she has never been in the State of Montana. The same is true of the minor child, Kentanne Mary Wilson, who is now sixteen years old. Prior to the trial of this case she had never seen her natural father. The minor child was born with a congenital hip problem and has numerous other medical problems. Her medical expenses have been considerable.

Appellant, Kent Eugene Wilson, specially appeared challenging the District Court's jurisdiction. The challenge was overruled, and the case was heard on its merits by the District Judge on May 21, 1979. On June 18, 1979 findings of fact were entered by the court determining (1) that the parties were married in Tijuana, Mexico on October 3, 1962; (2) that appellant deserted respondent in December 1962; (3) that the marriage is irretrievably broken; (4) that respondent is a fit and proper person to have custody of the minor child; (5) that appellant has refused to support the minor child except for the payment of the sum of $65.33 per month as ordered by the Elkhart (Indiana) Circuit Court order dated July 7, 1964; (6) that appellant has accumulated property and is capable of paying the sum of $200 per month for the support of the minor child until she reaches the age of majority; and (7) that respondent is entitled to an award of a part of the property accumulated by appellant despite the fact that she did not assist in the accumulation of

property. On the basis of these findings, the court entered he following conclusions of law and entered judgment (a) that the marriage of the parties is dissolved; (b) that respondent be granted custody of the minor child and that appellant pay $200 per month child support together with present and future medical and dental expenses; (c) that respondent be awarded the sum of $15,000, plus reasonable attorneys fees. It is from this judgment that the appeal is taken.

Two issues are presented for review by this Court:

1. Did the District Court have jurisdiction to consider Loretta Wilson's petition and enter judgment (a) granting a dissolution of marriage and (b) modifying the Indiana support decree?

2. Does the evidence support the findings of a valid marriage between the parties and the property award to respondent?

The first issue to be considered is whether or not the District Court had jurisdiction to consider Loretta Wilson's petition and enter judgment granting a dissolution of marriage.

The Indiana paternity suit established appellant as the natural father of respondent's child and it decreed support. Although the decree states that the child was born "out of wedlock", the validity of the Mexican marriage was not litigated in the Indiana paternity suit, and it is not res judicata on the question of the marital status of the parties. It is not a question of collateral estoppel, since the marital relationship of the parties was not an essential or material fact in the paternity suit, nor was the marital status of the parties determined in that action. Western Mont. Prod. Assn. v.

-5-

Hydroponics, Inc. (1966), 147 Mont. 157, 410 P.2d 937. The marital status of the parties was immaterial to the paternity suit, because the same relief, i.e., child support, would have been decreed regardless of their marital status. Appellant's duty to support existed irrespective of his marital status, and his marital staus would not have been a defense. The reason for this is that the marital relationship of the parties is not relevant or material to a determination of the issues in the paternity suit, where the sole issue is paternity and the concomitant obligation to support. State v. Patton (1936), 102 Mont. 51, 55 P.2d 1290, 1293, 104 ALR 76 (decided under former statute; for present statutory provisions, see Montana Uniform Parentage Act, § 40-6-101, MCA, et seq.). "In bastardy proceedings, the only issue is whether or not the accused is the father of the child. . ." Annot. 104 ALR 84.

It may be true that the Indiana Court's finding that the child was born "out of wedlock" encompasses a finding that the parties were never married, since Montana cases recognize that "a decree of the court stands as an absolute finality 'not merely as to the conclusions expressed, but as to everything directly or implicitly involved in reaching them.'" Link v. State ex rel. Department of Fish and Game (1979), ___ Mont. ___, 591 P.2d 214, 219, 36 St.Rep. 355, 361, quoting Missoula Light & Water Co. v. Hughes (1938), 106 Mont. 355, 366, 77 P.2d 1041, 1047. The entire question of whether or not the parties were married, however, had nothing to do with the issues in the Indiana paternity suit. Therefore, despite that court's pronouncement that the child was born "out of wedlock", the marital status of the parties was not "necessarily litigated and determined" in the paternity action.

Hence respondent is not collaterally estopped from asserting her marriage to appellant, and the District Court had jurisdiction to entertain her petition and grant a dissolution of marriage.

The fact that the 1964 Indiana paternity decree is longstanding and has not been appealed does not alter this conclusion. The rule is that "a judgment not appealed from is conclusive between the parties as to all issues raised by pleadings actually litigated and adjudged as shown on the face of the judgment and reasonably determined in order to reach the conclusion announced." Link, supra, 591 P.2d at 219 (emphasis added); Simon v. Simon (1969), 154 Mont. 193, 461 P.2d 851, 852-853; Butler v. Brownlee (1969), 152 Mont. 453, 451 P.2d 836, 838; Doull v. Wohlschlager (1963), 141 Mont. 354, 377 P.2d 758, 764; Missoula Light & Water Co. v. Hughes (1938), 106 Mont. 355, 77 P.2d 1041, 1047. The question of whether or not the parties were married was not "actually litigated and adjudged . . . and reasonably determined in order to reach the conclusion announced" in the Indiana paternity suit.

With the issue of jurisdiction to hear the dissolution of the marriage resolved in favor of the District Court, there is little else to quarrel about. Jurisdiction to hear the divorce gives jurisdiction over all the rest of the problems of custody, support and division of property. Sections 40-4-202, 40-4-204, 40-4-208, MCA (1979).

Both parties have admitted to what they believed to be a ceremonial marriage in Mexico. The marriage was arranged by appellant's attorney and each party has acted at least once as though the marriage were valid. The respondent filed for dissolution of marriage and alleged a legal

-7-

marriage. The appellant failed to challenge this pleading. If he so desired, he should have pleaded his contentions on the status of the marriage by an affirmative pleading in defense. See Rule 8(c), M.R.Civ.P. The respondent testified that she participated in a regular marriage ceremony at an attorney's office in Tijuana, Mexico.

The second issue involved in this appeal is whether or not there is substantial evidence to support the District Court's finding of a valid marriage between the parties and its property award to respondent. Appellant has not contested the reasonableness of the $200 per month award for child support. The evidence presented at the trial of this case has been discussed and will not be repeated here.

The defendant-appellant had the burden to overcome the allegation of a legal marriage and failed to do so.

This leaves the property awarded to the respondent at issue. Appellant first challenges the jurisdiction of the court to do anything, then criticizes the manner in which the award was made. His criticism is purportedly based on the lack of evidence to support any award since the parties had never lived together, the husband had never contributed to the support of the wife, and the wife had never aided in the building of the marital estate. This may all be true, however, the District Court's jurisdiction is very broad in this area and it is evident the court wanted to award something. The percentage division was not disproportionate under all the circumstances. The court in its findings seemed to be aware of the resources of the appellant and the problems that exist and made a nominal award.

There being sufficient credible evidence to support the District Court's decision, the judgment is affirmed.

_____ 
                            Justice

We concur.

_____ 
              Chief Justice

_____ 

_____ 

_____ 
                 Justices