No. 86-417

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN RE THE MARRIAGE OF
WILLIAM DEAN HOLLAND,

        Petitioner and Appellant,

and

PAMELA JOYCE HOLLAND,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Houtz, Forsyth, Montana

    For Respondent:

        Thomas A. Pouliot, Helena, Montana

---

Submitted on Briefs: Nov. 20, 1986

Decided: December 29, 1986

Filed: DEC 29 1986

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from the Thirteenth Judicial District in and for Big Horn County. Faced with an action to collect past child support payments, appellant moved to contest paternity. The District Court dismissed appellant's motion and this appeal followed. We affirm.

Pamela and William Holland were married in December, 1980. One child was born during the marriage, a daughter born on January 25, 1982.

Three months after the child's birth, William (Husband) filed a petition for dissolution of marriage. As to the issue of paternity, Husband stated and verified in his petition that the child was a child "of the marriage." And in its final dissolution decree entered on July 12, 1982, the District Court found the child to be a "child of the parties." Husband never moved to modify or appeal this decree.

The District Court additionally granted custody to Pamela (Wife) and ordered Husband to pay $100 per month child support. Husband, however, has fallen well behind in this obligation and is currently in arrears in excess of $1,400.

Since February, 1985, Wife has received public assistance from the State of Idaho. On March 6, 1986, the Montana Department of Revenue, Child Support Enforcement Program (Department) received from the State of Idaho a request and authorization to obtain a wage withholding order against Husband.

Acting pursuant to the Child Support Enforcement Act, § 40-5-401 et seq., MCA, the Department accordingly served Husband with a notice of its intent to withhold a portion of

his monthly income necessary to satisfy the monthly obligation and arrearages. Provoked by the Department's proceedings, Husband requested an administrative hearing, contending that he was not the child's natural father and requesting blood tests to determine paternity.

The Department's hearing officer denied Husband's request for an administrative hearing on the ground that the issue of paternity had previously been determined under the July, 1982, dissolution decree.

Husband then filed a motion with the District Court requesting a determination of paternity under the Uniform Parentage Act, § 40-6-101 et seq., MCA. The Department responded with a motion to dismiss.

On July 30, 1986, the District Court granted the Department's motion and dismissed the action. The court held that the issue of paternity had previously been adjudicated during the marriage dissolution proceeding and relitigation of the issue was therefore barred by the doctrine of res judicata in its subsidiary form of collateral estoppel. We agree.

This Court faced a similar situation in Butler v. Brownlee (1969), 152 Mont. 453, 451 P.2d 836, where a husband, delinquent in his child support payments, filed a motion to modify the dissolution decree, alleging that he was not the children's father. This Court denied that husband's modification request because it attempted to relitigate an issue which had already been adjudicated in the dissolution proceeding. We stated:

> A judgment not appealed from is conclusive between the parties as to all issues raised by pleadings actually litigated and adjudged as shown on the face of the judgment . . .

3

Butler, 451 P.2d at 838.

This holding is entirely consistent with the doctrine of collateral estoppel. In Aetna Life and Casualty Insurance Co. v. Johnson (Mont. 1984), 673 P.2d 1277, 1279-80, 41 St.Rep. 40, 42-43, we held that collateral estoppel will bar litigation of an issue in a civil trial that has previously been litigated in a criminal trial upon an affirmative answer to each of the following three questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

We have since broadened this holding by applying this test to all cases in which collateral estoppel is at issue. See e.g., Aetna Life Insurance Co. v. McElvain (Mont. 1986), 717 P.2d 1081, 43 St.Rep. 697.

Applying this test to the facts of our case, it is clear that collateral estoppel bars Husband's motion. The issue is identical, there was a final judgment rendered on the merits, and the Husband was a party to the prior adjudication.

Husband, however, attempts to assert that he has a statutory right under the Uniform Parentage Act to relitigate paternity at any time. We are not persuaded. We find nothing within that Act which authorizes Husband to raise the issue of paternity subsequent to the resolution of that issue in the final decree of dissolution.

Husband further attempts to argue that he is now entitled to raise the issue of paternity under Borchers v. McCarter (1979), 181 Mont. 169, 592 P.2d 941. In Borchers,

4

we held that the issue of paternity in a Uniform Reciprocal Enforcement of Support Act (URESA) action shall be determined according to the provisions of the Uniform Parentage Act.

However, this is not a URESA action. As mentioned, the Department sought to collect the past child support payments under the Child Support Enforcement Act, an act completely separate from URESA. Further, the facts of Borchers are in no way comparable to those of the instant case. In Borchers the mother and purported father were never married and had not addressed the issue of paternity in a dissolution proceeding. Borchers is inapplicable to the facts of this case and we dismiss appellant's argument.

In sum, we hold that adjudication in a dissolution or annulment action concerning the paternity of a child estops the husband or wife from raising that issue in any subsequent action or proceeding.

Affirmed.

John Conway Harrison
Justice

We concur:

L. A. Turnage
Chief Justice

Justices