This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CASIMIR C. COLE,**

    Petitioner-Appellee,

v.                                        **No. 31,572**

**ENJOLI D. WHITE,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Casimir C. Cole
Albuquerque, NM

Pro Se Appellee

Enjoli D. White
Rio Rancho, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Appellant appeals the denial of her request for a paternity test. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition to our notice. We have duly considered Appellant's arguments, but we find them unpersuasive. We affirm.

Appellant claims that she was under duress when she signed the final decree establishing parentage, and that the mediator "was going to file a request for a paternity test" but did not. [MIO 2] There is nothing in the record to support these allegations. "Matters outside the record present no issue for review." *State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990).

Appellant claims that she did not know the procedure for requesting a paternity test. As discussed in our calendar notice, Appellant signed the final decree that established Appellee as the father of the child. Appellant waited for over two years after that decree was filed to request a paternity test. Appellant's challenge was not timely. *See Tedford v. Gregory*, 1998-NMCA-067, ¶¶ 35-37, 125 N.M. 206, 959 P.2d 540; *Callison v. Naylor*, 108 N.M. 674, 675, 777 P.2d 913, 914 (Ct. App. 1989). To the extent that Appellant is claiming that she did not know that she had to make a timely challenge because she represented herself without assistance from an attorney, we point out that a pro se litigant, who chooses to represent herself, is required to

comply with the law and will not be treated differently than litigants with counsel. *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84.

Appellant appears to argue that, based on federal and state statutes, there are procedures for a parent to obtain a paternity test of a child born outside marriage. [MIO 2]; *see Clayton v. Trotter*, 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (explaining that appellate court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments). Appellant cites to NMSA 1978, Section 37-1-29 (1985) (Limitation of Actions), which provides, "[a]n action to determine a parent and child relationship shall be brought no later than three years after the child has reached the age of majority." Appellant cites to no authority showing that this particular statutory section applies to paternity tests or applies in cases, such as this one, in which both parties have signed a final decree of parentage. This Court will not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969. Moreover, the statutory section does not apply in this case where there has already been a determination of "parent and child relationship" by entry of a decree of parentage signed by both parents.

For the reasons discussed in this opinion and in our calendar notice, we affirm the decision of the district court.

3

**IT IS SO ORDERED.**

_____

MICHAEL D. BUSTAMANTE, Judge

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**TIMOTHY L. GARCIA, Judge**