No. 14964

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

LORETTA M. WINTERS,

Plaintiff and Respondent,

-vs-

ROBERT G. WINTERS,

Defendant and Appellant.

Appeal from: District Court of the Eighth Judicial District,
In Choteau County, Honorable John McCarvel, Judge
presiding.

Counsel of Record:

For Appellant:

Barry T. Olson, Great Falls, Montana

For Respondent:

Donald Ostrem, Great Falls, Montana
Graybill, Ostrem, Warner & Crotty

Submitted on Briefs: March 3, 1980

Decided: APR 30 1980

Filed: APR 30 1980

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from an order entered in Choteau County District Court denying Robert G. Winters' petition for modification of a divorce decree.

Loretta M. Winters and Robert G. Winters were married on June 2, 1956 in Columbus, Montana. Four children were born the issue of the marriage, two of which reached the age of majority prior to the order now in question. Because of irreconcilable differences, a divorce complaint was filed by Loretta Winters on December 10, 1974. A decree of divorce was granted January 14, 1975.

A property settlement was incorporated into the decree of divorce. Custody of the couple's four children was awarded to Loretta. The decree provided for the support and maintenance of these children and/ the home as follows:

> "The Defendant [is ordered to] pay Plaintiff the sum of $500.00 per month as and for the support and maintenance of the said minor children and the support and maintenance of a home, and further defendant to pay for all reasonable medical, dental, optical, doctor and hospital expenses required for and on behalf of said minor children, and in accordance with the provisions of Exhibit A hereto attached for the period of 10 years from and after the date hereof."

Robert Winters has fulfilled this provision without fail since the time of issuance of the decree.

Robert Winters filed a petition and affidavit for modification of the decree on April 17, 1978 requesting a reduction of payments to an amount of $125 per child per month during minority, i.e. $250 per month total. The change was precipitated by the following summarized factors according to the petition:

> (1) Mrs. Winters' financial situation has changed in that although unemployed and without income at the time of the divorce, she is now earning a net income of $800 per month as an automobile service manager and additionally has recently inherited property.

(2)  Only two of the four children are still minors and the remaining two are not at home nor attending college;

(3)  Mr. Winters, recently divorced from his second wife is now without her additional income which has enabled him in the past to make the monthly payments, is left with a net income of $1,160 per month and unable to continue the payments at the previous rate.

The first hearing on the petition was held April 23, 1979. No testimony was presented.  However briefs were to be filed concerning authority of the District Court to modify the agreement. Argument on this point centered on the question of whether the decree could be modified because of the words therein denominated "child support", or whether it was the intent of the parties via the agreement to guarantee an income of $500 per month for ten years as part of the property settlement which was incorporated into the divorce decree. During argument, the question of duress was introduced into the case.

A final hearing was held on August 14, 1979.  At that time respondent moved that the petition be dismissed and that the sole issue the court consider be duress or fraud upon the court, and that all testimony be so restricted. The court in effect so restricted the testimony.

The court entered its findings and conclusions on August 22, 1979 denying the petition to modify.  The court found the existence of an agreement "settling the parties (sic) property rights and [which] provided for support of the minor children."  It went on to find that Mr. Winters agreed to the demand of payment of $500 per month for ten years in return for Mrs. Winters not contesting the divorce which would "drag the husband's lover through the mud."  No duress or fraud was found nor were any circumstances found to make the divorce unconscionable.

It is from this order which Robert Winters appeals.

Appellant frames the issues for our review as follows:

(1)   Did the District Court err in determining the agreement could not be modified?

(2)   Did the District Court err in curtailing the evidence presented?

(3)   Did the District Court have authority, upon the record before it, to make the findings and conclusions it did?

(4)   Did the District Court make findings and conclusions sufficient to warrant the order it made?

(5)   Are the findings of fact supported by the evidence?

The basic conflict which arises in this case is as follows: the husband contends the decree provision constitutes a child support issue which may be modified whereas the wife contends and the District Court agreed, the provision constitutes a contractual issue and therefore may not be modified without the mutual consent of both parties.  We affirm the decision of the District Court.

It is clear to this Court that the contested payment provision creates a contractual obligation on the part of the husband to pay to the wife the amount of $500 per month for a period of ten years as a minimum sum to be used for the support and maintenance of the children and home.  This contractual obligation is based on a quid pro quo which is the consideration for the contract.  The court stated in its findings:

> "The husband had found another woman and wanted
> a divorce so that he could marry her.  The wife
> advised her husband that unless he agreed to
> pay the sum of Five Hundred Dollars ($500.00)
> per month as child support for the support of
> the children and for the purpose of support and
> maintenance of a home for a period of ten (10)
> years, that she would contest the divorce and
> 'drag the husband's lover through the mud.'  The
> husband chose to agree to meet the demands of the
> wife.  Under those provisions the Property Settlement
> Agreement was signed by the parties, incorporated
> into the Decree, and the husband shortly thereafter
> married his girlfriend."

The payment provision of the contract is integral to the agreement of the parties, as a matter of law.  The provision

-4-

may not be chopped-up and modified as the husband advocates without destroying the contract itself. See Washington v. Washington (1973), 162 Mont. 349, 512 P.2d 1300.

What we hold here has no bearing on the power of the court to modify agreements of the parties regarding child support in later applications. Butler v. Brownlee (1969), 152 Mont. 453, 451 P.2d 836. The question before the court here did not involve the welfare of the children, in which event the court could modify any agreement of the parties to achieve their protection. Gessell v. Jones (1967), 149 Mont. 418, 427 P.2d 295. Instead, the District Court was presented with a provision of contract law. The courts will not relieve a party of his contractual agreement, in light of after events. Link v. State By & Through Dept. Of Fish & Game (1979), ____ Mont. ____, 591 P.2d 214, 36 St.Rep. 355; Meyer v. Diesel Equipment Co., Inc. (1977), 1 Kan.App.2d 574, 570 P.2d 1374; Wilson & Co. v. Fremont Cake & Meal Co. (1950), 153 Neb. 160, 43 N.W.2d 657. That is the situation here.

The decision of the District Court is affirmed.

_____
                            Justice

We Concur:

_____
         Chief Justice

_____

_____
              Justices

-5-