DA 12-0318

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 244

IN RE THE MARRIAGE OF:

LORA L. WYRICK,

        Petitioner and Appellee,

    and

DONALD H. WYRICK,

        Respondent and Appellant.

APPEAL FROM:     District Court of the Sixteenth Judicial District,
In and For the County of Fallon, Cause No. DR 1993-5570
Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Donald H. Wyrick (self-represented), Baker, Montana

    For Appellee:

        Lora L. Wyrick (self-represented), Gilbert, Minnesota

Submitted on Briefs:  October 2, 2012

Decided:  October 30, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Appellant Donald H. Wyrick (Donald) appeals from the District Court's findings of fact, conclusions of law, and order modifying child support. We affirm in part and remand in part for further proceedings.

¶2      We review the following issues on appeal:

¶3      *Whether the District Court abused its discretion when it limited the child support modification to the date that Donald filed his motion for modification?*

¶4      *Whether the District Court abused its discretion when it calculated Donald's child support obligations?*

¶5      *Whether the District Court violated Donald's due process rights?*

PROCEDURAL AND FACTUAL BACKGROUND

¶6      Donald and Lora L. Wyrick (Lora) filed for dissolution in 1993. At that time, Donald and Lora entered into a separation agreement that required Donald to pay child support in the amount of $150 per month for each of their three minor children and maintenance in the amount of $150 per month. Lora moved to Minnesota in 1994 where she applied for public assistance. Lora assigned her rights under the separation agreement to Minnesota Child Support Enforcement Division (Minnesota CSED) as a condition of her receipt of public assistance.

¶7      Minnesota CSED requested that Montana Child Support Enforcement Division (Montana CSED) collect child support from Donald. Montana CSED mistakenly assumed that the separation agreement constituted a district court order and commenced enforcement. Montana CSED added a fourth child born to the parties after the 1993 separation agreement

2

and set Donald's child support obligation at $156 for each of the now four minor children for a total monthly obligation of $624. Montana CSED eventually suspended Donald's driver's license due to his failure to comply with his child support obligations.

¶8 The District Court finally entered a dissolution decree in 1999 after the parties had failed at several attempts at reconciliation. One of these failed reconciliation attempts had produced the fourth minor child. The court noted that Montana CSED had been enforcing the child support obligations contained in the separation agreement. The court found Donald's support obligations to be unconscionable in light of his annual income of $12,000. The court instead imposed a child support obligation of $50 per child per month.

¶9 Montana CSED recognized its error in enforcing against Donald the support obligations contained in the separation agreement when the District Court never had approved the separation agreement. Montana CSED restored Donald's driver's license. As a result of its mistake, Montana CSED moved to intervene in the proceeding in light of its statutory interest in recovering what it claimed to be Donald's child support obligations. The District Court joined Montana CSED as a party on February 16, 2000.

¶10 Montana CSED promptly filed a motion for an order to approve the 1993 separation agreement and its accompanying child support obligations for Donald. Montana CSED recognized that it lacked authority to enforce Donald's support obligations contained in the separation agreement without an order from the court to adopt the agreement. Montana CSED sought to collect the support debt from Donald that had accrued between the 1993 execution of the separation agreement and the court's entry of the dissolution decree and its $50 per child per month support obligation for Donald. The District Court granted Montana

CSED's motion over Donald's objection on June 21, 2001. The court concluded that Donald owed $22,542.85 in unpaid support.

¶11 The matter simmered for several years with what appears to be partial compliance by the parties with the duties and obligations with respect to parenting and child support. Lora filed a motion for civil contempt on August 29, 2006, in which she alleged that Donald had fallen behind in his child support obligations contained in the District Court's order of June 21, 2001, and that Donald improperly was preventing one of their minor sons from returning to Minnesota after a visit with Donald in Montana. Donald denied the allegations and requested that the parenting plan be modified to allow his minor son to live primarily with him in Montana.

¶12 The parties eventually resolved their differences temporarily through a stipulated amended child support agreement filed with the court on October 10, 2007. The parties agreed that the minor son would reside primarily with Donald. Donald paid back child support in the amount of $19,150.00 since September 1, 2006. Donald further agreed to pay accrued child support in the amount of $21,116 for the period September 2006 through September 2007. Donald also agreed to pay Lora monthly child support of $2,273.00 beginning June 1, 2007, and for each month thereafter until modified by the court.

¶13 Donald's ability to clear his back child support obligations and pay an increased monthly amount arose from his discovery of a largely intact 65 million year old fossil of a tyrannosaurus rex dinosaur on his property sometime in 2006. Donald apparently sold the 10-foot tall fossil, known as Wyrex, for a substantial sum. Wyrex now sits on display at the Houston Museum of Natural Sciences. Wyrex possesses the best-preserved hands and feet

of any specimen ever discovered, and boasts a hand bone that has never before been reported. http://blog.hmns.org/2012/05. Donald received $25,000 per month as his share of the Wyrex payments.

¶14     The Wyrex money apparently did not last forever, however, as Donald filed a motion for modification of child support on April 10, 2009. Donald alleged that his payments under the Wyrex sales contract had ended on August 31, 2008, and since that date his farming and ranching business constituted his sole source of income. Donald apparently signed an affidavit for his lawyer in October 2008 in support of the motion to modify child support. Donald's lawyer failed to file the motion, however, until April 2009. The District Court directed Donald and Lora to file updated child support affidavits. Donald and Lora eventually filed the updated information.

¶15     Donald had assumed that the stipulated amended child support agreement filed with the court on October 10, 2007, contained a provision that his child support obligation would change automatically upon cessation of his Wyrex payments in 2008. The stipulated amended agreement contained no such provision. As a result, the District Court determined that it could modify Donald's child support obligations only for the period after Donald filed his motion in April 2009. In the interim, Montana CSED informed Donald in July 2009 that it intended to suspend his commercial driver's license based on his unpaid support obligations. Donald's license apparently remains suspended.

¶16     The fact that the District Court did not hold a hearing on the matter until December 2010 further delayed resolution. In fact, the court had not ruled on the issue by October

5

2011. Donald at that point filed a motion with updated information. The court eventually entered its findings of fact, conclusions of law and order on October 4, 2011.

¶17     The court found that Donald earned $10,460.00 in 2009 from his farming/ranching operation. The court added the sum of $11,000 of the scheduled depreciation back into Donald's income for a total income in 2009 of $21,460.00. The court specifically excluded the $10,637.06 that Donald earned from Franz Construction, Inc. from Donald's child support calculation in light of Donald's financial obligations to his subsequent family from his current marriage. The court found that Donald's child support obligation should be $139 per month for each of the parties' remaining two minor children. The court further offset Donald's child support obligations by $124 per month, or $62 per child per month, to reflect Lora's receipt of social security benefits. This final adjustment left Donald with a child support obligation of $155 per month.

¶18     The court also recognized that Donald had overpaid child support in the previous years. The court determined, however, that it lacked sufficient information to determine the exact amount that Donald had overpaid. The court directed Donald's counsel to submit a spreadsheet, supported by an affidavit, that set forth Donald's payments and accrued amounts to allow the court to calculate the amount of overpayment. Donald's overpayment led the District Court to conclude that, retroactive to May 2009, all of Donald's future child support payments would cease.

¶19     Donald's lawyer filed a response in which he indicated Donald no longer could afford to pay his lawyer. Donald's lawyer attached to his response Donald's pro se calculations and revised proposed findings of fact and conclusions of law. The court characterized Donald's

6

response as a failure to "do the math" requested in the court's previous order. The District Court issued its final ruling in December 2011 on Donald's motion.

¶20    The District Court corrected its earlier ruling in December 2011 when it found that Donald still had an arrearage from earlier missed child support payments. These missed payments took place after Donald's payments on the Wyrex sale had stopped, but before he had filed his motion for modification. Donald's calculations show payments stopping as of June 2008. The court determined that it could not modify the amount of Donald's payments back to 2008 in light of the fact that Donald had failed to file his motion for modification until April 2009. The court concluded that the arrearages totaled $11,448.18. A subsequent calculation performed by Montana CSED at the court's request reduced Donald's arrearages to $9,631.28. The court further concluded that Donald's income supported a continuing child support obligation of $155 per child per month until the final child reaches the age of 18 and graduates from high school. Donald appeals.

## STANDARD OF REVIEW

¶21    We review for clear error a district court's findings of fact in child support modification cases. *In re Marriage of Damschen,* 2011 MT 297, ¶ 22, 363 Mont. 19, 265 P.3d 1245. We review de novo questions of law. *Damschen*, ¶ 22.

## DISCUSSION

¶22    *Whether the District Court abused its discretion when it limited the child support modification to the date that Donald filed his motion for modification?*

¶23    Donald argues the District Court should have made the modifications retroactive to August 2008 as both parties had intended to include the modification upon the cessation of

the Wyrex payments in the stipulated amended child support agreement filed with the court on October 10, 2007. The District Court correctly noted that the stipulated amended child support agreement contained no mention that Donald's Wyrex-enhanced monthly support obligations would end automatically upon the cessation of the Wyrex payments in August 2008. Donald concedes that the stipulated amended child support agreement that the parties filed with the court contained no provision regarding automatic modification upon cessation of the Wyrex payments. Donald failed to file his motion for modification of his support obligations until April 2009.

¶24 The court revised downward Donald's support obligations as of the date that he filed his motion for modification in April 2009. Section 40-4-208, MCA, allows a court to modify a child support order "only as to installments accruing subsequent to actual notice to the parties of the motion for modification." Donald provided notice to Lora of his motion for modification on April 10, 2009. The District Court lacked authority to extend the modification to any date before April 10, 2009. *In re Marriage of Pfennigs*, 1999 MT 250, ¶ 23, 296 Mont. 242, 989 P.2d 327.

¶25 *Whether the District Court abused its discretion when it calculated Donald's child support obligations?*

¶26 Donald further contends that the District Court erroneously determined the amount of modified support that he owed. Donald takes issue with the court's consideration of depreciation and its failure to give Donald credit for all the insurance and medical payments he made for the children. Donald also contends that the court failed to take into account changes in custody with one of the children who came to live with Donald in August 2008.

8

¶27 The District Court struggled to resolve a hopelessly convoluted child support arrangement that festered for nearly 20 years. The parties did little to aid the District Court in resolving the matter. We remain unable to reconcile, however, the seemingly contradictory orders of the court regarding Donald's continuing support obligations and the amount of arrearages that Donald owes.

¶28 The court declares in its order of October 3, 2011, that Donald "owes no future obligation of child support to [Lora] in that the social security received by the two minor children exceed the amount of child support" that Donald would owe to Lora. The court further declares in that same order that Donald has overpaid child support. In fact, the court directed Lora to repay "any overpayments" made by Donald.

¶29 By contrast, the court reverses course in its supplemental order of December 20, 2011. The court concludes that Donald continues to owe $155 per month in child support to Lora. The court offers no new finding of fact to support the change from the finding in the court's October 3, 2011, order in which the court concluded that Donald's child support obligations should cease. The court further concludes that Donald has not overpaid child support. To the contrary, Donald still owes $11,448.18. Montana CSED revised downward this outstanding balance to $9,631.28.

¶30 The Court's inability to reconcile these seemingly disparate findings and conclusions between the District Court's two orders lead us to conclude that a remand would be appropriate. The District Court's "Schedule A," attached to the December 20, 2011, order fails to illuminate sufficiently the difference in the outcome of the two orders. The court's supplemental order of December 20, 2011, fails to set forth the justification for the change

9

from the court's earlier order. Moreover, the adjustments made by Montana CSED further raise questions as to whether all parties have used the same "math" to reach these outcomes.

¶31 We need not address Donald's due process claims in light of our decision to remand the issues of Donald's continuing support obligations and the outstanding balance that he owes on unpaid child support. In light of the substantial delays in the matter, however, the District Court also should address any claims raised by Donald regarding the collateral consequences of his failure to pay outstanding child support obligations, including the suspension of his driver's license. We remand these two issues to the District Court for any further proceedings necessary.

/S/ BRIAN MORRIS

We Concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE