DA 12-0747

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 277N

IN RE THE MARRIAGE OF:

TONY L. SAGAMI,

       Petitioner and Appellant,

  and

KELLY J. SAGAMI, n/k/a KELLY JOHNS,

       Respondent, Appellee, and Cross-Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DR 07-392(B) Honorable Robert B. Allison, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Marybeth M. Sampsel; Measure, Sampsel, Sullivan & O'Brien, P.C.; Kalispell, Montana

      For Appellee:

          Kelly Johns, self-represented, Kalispell, Montana

                Submitted on Briefs:  September 4, 2013
                          Decided:  September 24, 2013

Filed:

               _____
                          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Tony Sagami (Tony) appeals from the order of the Eleventh Judicial District Court, Flathead County, that recalculated his child support obligations, and found arrearages due to Appellee/Cross-Appellant Kelly Johns (Kelly) in the amount of $4,324.00. Kelly cross-appeals the District Court's order that denied Kelly's petition for contempt for non-payment of spousal support. We affirm.

¶3 We consider the Sagami marriage dissolution for the second time on appeal. The District Court entered a decree of dissolution of the Sagami marriage on August 22, 2008. Tony appealed the District Court's October 26, 2011, order that modified child support and maintenance. We affirmed in part and vacated in part in an order on June 5, 2012, and remanded to the District Court to determine current child support obligations.

¶4 The parties each made filings with the District Court on remand. Tony filed information about his financial abilities and the current situation with the children. Kelly petitioned the District Court to hold Tony in contempt for non-payment of spousal support.

¶5 The District Court held a hearing on November 14, 2012, to address parenting and child support. The District Court rescheduled the hearing on Kelly's contempt petition for February 19, 2013. The District Court entered an order on November 29, 2012, that

2

analyzed Tony's current financial abilities and set Tony's support obligation at $804.00 per month. The District Court calculated that Tony owed child support arrears in the amount of $268.00 per month from July 2011, to June 2012, and $536.00 per month from July 2012, to September 2012. These deficiencies, along with Tony's payments to that point, left a total arrearage of $4,824. The court deducted $500.00 from Tony's arrearage as an award of attorney's fees to him based on Kelly's failed motion. This adjustment left Tony owing $4,324 in arrearage.

¶6      The District Court held the hearing on Kelly's petition to hold Tony in contempt on February 19, 2013. The court denied Kelly's petition. Tony now appeals from the November 29, 2012, order that set his arrearage at $4,824. Kelly cross-appeals from the March 6, 2013, order that denied her motion to hold Tony in contempt. We issued an order on May 2, 2013, to set a combined briefing schedule.

¶7      In reviewing child support modification, we determine whether the District Court's findings of fact are clearly erroneous. *In re Marriage of Damschen*, 2011 MT 297, ¶ 22, 363 Mont. 19, 265 P.3d 1245. We review a district court's conclusions of law to determine whether the court's conclusions are correct. *Damschen*, ¶ 22.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence in the record supports the District Court's findings and that the District Court correctly applied the law to these findings.

3

¶9 We affirm the District Court's order of November 29, 2012 that set Tony's arrearages. We further affirm the District Court's order of March 6, 2013 that denied Kelly's motion to hold Tony in contempt.

/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT