FILED

07/21/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0701

DA 19-0701

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 185N

IN RE PARENTING OF:  T.P.D.C.,

     A Minor Child.

TAMI DISNEY,

     Petitioner and Appellant,

    v.

BRANDON STAAT,

     Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR-2015-0027
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Kathleen A. Molsberry, Matthew B. Lowy, Lowy Law, PLLC, Missoula, Montana

     For Appellee:

          André Gurr, Melissa Stones-Smith, Garden City Law, PLLC, Missoula, Montana

Submitted on Briefs:  June 10, 2020

Decided:  July 21, 2020

Filed:

                    _____
                           Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Tami Disney (Tami) appeals an order and judgment issued on November 12, 2019, by the Fourth Judicial District Court, Missoula County, awarding Brandon Staat (Brandon) attorney fees for costs incurred during previous litigation before this Court. We affirm the decision of the District Court.  We further order that Brandon be awarded additional attorney fees for litigation expenses incurred during this appeal, and remand this matter to the District Court with instructions to determine the appropriate quantity of this additional award.

¶3     This appeal pertains to the parenting of T.P.D.C., the child of Brandon and Tami who was born in October of 2014. This is the second time this Court has been asked to review a District Court decision in this matter.  *See In re T.P.D.C.*, 2019 MT 107N, 396 Mont. 547, 440 P.3d 634.

¶4     On September 29, 2016, following extensive litigation and several mediations, Tami and Brandon entered into a Final Stipulated Parenting Plan (Parenting Plan), with Brandon parenting every other weekend and every other week.  The Parenting Plan indicates its purpose was to "[s]et forth the authority and responsibilities of the parents with respect to the minor child," and to "[h]elp the parents avoid expensive court

2

battles." The parties also stipulated that "the Parenting Plan is in the best interest of their minor child." Furthermore, while both parties were represented by counsel, Tami and Brandon agreed to include an attorney fee provision (Provision 12) within the Parenting Plan stating that "[i]f Court intervention is required to enforce this plan against a party, the prevailing party shall be entitled to recover attorneys' fees from the other party." The District Court adopted the Parenting Plan on October 5, 2016.

¶5 On January 11, 2018, Tami filed a petition to terminate Brandon's parental rights under § 40-6-1001(2)(b), MCA (2019) (previously § 41-3-801(2)(b), MCA), alleging that T.P.D.C. was conceived through nonconsensual sexual intercourse. The petition requested that the District Court terminate all of Brandon's parental rights—which necessarily included his rights under the Parenting Plan. Hearings on the petition were held March 2, 9, and 28, 2018, and the District Court issued an order denying Tami's petition to terminate on April 6, 2018.

¶6 Following the District Court order, Brandon filed a motion on April 10, 2018, requesting that he be awarded attorney fees in accordance with Provision 12 of the Parenting Plan. Tami's deadline to respond was April 27, 2018. On April 26, 2018, Tami filed a motion to extend her time to respond, requesting an extension until May 4, 2018. The District Court denied Tami's motion for an extension of time, and Tami missed the District Court's April 27 response deadline. On May 8, 2018—four days after Tami's requested deadline—Tami submitted her response in opposition to Brandon's motion for attorney fees.

3

¶7	On May 2, 2018, Tami also filed a notice of appeal with this Court alleging that the District Court erred in denying her petition to terminate Brandon's parental rights under § 40-6-1001(2)(b), MCA. On June 11, 2018, the District Court stayed ruling on Brandon's motion for attorney fees, pending resolution of Tami's appeal. The following year, on May 7, 2019, this Court upheld the District Court's denial of Tami's petition to terminate Brandon's parental rights in *In re T.P.D.C.*, 2019 MT 107N, 396 Mont. 547, 440 P.3d 634.

¶8	Thereafter, Brandon filed a notice of issue on May 21, 2019 requesting a District Court ruling on his motion for attorney fees. The District Court scheduled a hearing on Brandon's motion for October 4, 2019. On October 2, 2019, Brandon filed a disclosure indicating he had obtained an expert witness, along with an affidavit listing his attorney fees incurred at the District Court level as $23,284. At the District Court hearing on October 4, 2019, Brandon's expert witness testified that the attorney fees outlined in Brandon's affidavit were reasonable under the relevant legal standard set forth by this Court in *Plath v. Schonrock*, 2003 MT 21, 34 Mont. 101, 64 P.3d 984. At the close of this October 4 hearing, Tami's counsel requested an additional hearing to allow Tami further time to obtain an expert to rebut Brandon's expert's testimony. The District Court granted Tami's request and an additional hearing was held November 4, 2019. At this second hearing, Tami's counsel did not obtain an expert. Instead, Tami's counsel admitted that she had no argument against the reasonableness of the amount proffered, but disputed the legality of awarding fees in the matter; specifically, Tami's counsel argued that Tami's parental termination petition under § 40-6-1001(2)(b), MCA,

4

deserved to be considered as a distinct and separate matter from any Parenting Plan enforcement action. Thus, Provision 12 of the Parenting Plan should not apply to Tami's parental termination petition. The District Court was not persuaded due to the express language of Provision 12 and this Court's dismissal of a similar argument by Tami in *In re T.P.D.C.*, 2019 MT 107N, ¶ 8, 396 Mont. 547, 440 P.3d 634.

¶9 On November 12, 2019, the District Court issued its order awarding Brandon attorney fees. In awarding these fees, the District Court pointed to the clear language of Provision 12 of the Parenting Plan. The District Court also found Brandon's requested amount of $23,284.00 to be reasonable under all seven of the factors stipulated in *Plath*, ¶ 36.

¶10 On December 13, 2019, Tami filed an appeal with this Court contesting the District Court's decision to award attorney fees. On appeal, Tami does not contest the reasonableness of the amount of attorney fees awarded. Instead, Tami alleges three District Court errors in awarding attorney fees to Brandon that: (1) her petition for parental termination under § 40-6-1001(2)(a), MCA, should have been characterized as a separate action rather than as part of a custody proceeding governed by the parties' Parenting Plan; (2) § 40-6-1001(5), MCA (2019) (previously § 41-3-801(5), MCA), provides that court-appointed counsel is available for a parental termination proceeding, making an award of attorney fees unnecessary; and (3) the District Court committed multiple procedural errors that were prejudicial to Tami by not considering the arguments in her May 8, 2018 brief and "by not ruling on Appellee's motion for attorneys' fees prior

to holding a hearing on the amount to be awarded or providing notice to [Tami] that attorneys' fees had been awarded."[1]

¶11　On April 17, 2020, Brandon filed a motion with this Court to receive additional attorney fees under the Parenting Plan. This new motion requested attorney fees for costs incurred while defending against Tami's previous appeal before this Court in *In re T.P.D.C.*, 2019 MT 107N, 396 Mont. 547, 440 P.3d 634. On May 12, 2020, we held that Brandon's motion for additional attorney fees would also be considered as part of this appeal. We now turn to our review of the issues raised on appeal.

¶12　Montana precedent dictates that this Court reviews "for abuse of discretion a decision on a request for an award of attorneys' fees unless a contract requires an award of fees, in which case a district court lacks discretion to deny the request." *In re Marriage of Fossen*, 2019 MT 119, ¶ 8, 395 Mont. 495, 443 P.3d 418. If the terms of the parties' agreement incorporate a provision for attorney fees, this Court is bound by those terms if they are clear. *In re Marriage of Damschen*, 2011 MT 297, ¶ 42, 363 Mont. 19, 265 P.3d 1245. These same contractual terms also entitle successful parties to recover additional attorney fees incurred on appeal. *See Damschen*, ¶ 42.

¶13　We hold that the District Court did not err in awarding Brandon attorney fees for his successful defense against Tami's § 40-6-1001(2)(b) motion to terminate his parental

---

[1] Tami's appeal also alleges that the District Court committed a procedural error related to a statement made by a Standing Master at a July 11, 2019 hearing. However, this July 11, 2019 hearing concerned a separate January 2018 motion for attorney fees filed by Brandon to recoup the costs of enforcing his parenting rights in response to Tami unilaterally withholding father-daughter contact during three separate periods in late 2018. This motion constitutes a separate matter between the parties that is not presently before this Court. As a result, this Court will not address it.

rights. Provision 12 of the parties' Parenting Plan clearly states "[i]f Court intervention is required to enforce this plan against a party, the prevailing party shall be entitled to recover attorneys' fees from the other party." In this case, the contractual language of Tami and Brandon's Parenting Plan governs. This same language also permits Brandon to recover additional attorney fees incurred in his successful defense of Tami's prior appeal before this Court, and we remand this matter to the District Court to determine the precise quantity of additional fees that is reasonable in this regard. The three arguments set forth in Tami's appeal are insufficient to overcome this contractual language. Nevertheless, we will address each of Tami's arguments in turn.

¶14 Tami's first argument on appeal asserts that the Parenting Plan for T.P.D.C. and Tami's petition to terminate Brandon's parental rights should have been classified as separate matters; therefore, the attorneys' fees provision of the final parenting plan should not apply. This argument fails on two counts. First, Tami's argument on appeal that the Parenting Plan should have been considered as a separate action from her petition to terminate is near-identical to a previous line of reasoning from Tami that this Court rejected in her 2019 appeal of her petition to terminate. In response to this argument, this Court provided:

> Mother next argues that we should reverse the District Court's denial of her petition because the District Court should not have heard the petition as part of the ongoing custody litigation, but rather as a separate proceeding. Mother maintains that the District Court should not have relied on the record from the parties' ongoing custody proceedings. Mother . . . provides no citation to any other legal authority to support this argument. Further, Mother initiated both proceedings and chose to file the termination petition in the parenting plan case.

*In re T.P.D.C.*, ¶ 8. As a result, this Court has already found that these proceedings were lawfully part of the same matter in this case. Second, we note that Brandon's defense against Tami's § 40-6-1001(2)(b) petition was necessarily an action to "enforce th[e] plan against a party" under the plain language of Provision 12, as Tami's § 40-6-1001(2)(b) termination petition sought to vitiate the Parenting Plan in its entirety by stripping Brandon of all parenting rights over T.P.D.C. In *Fossen*, ¶¶ 11-13, the language of an attorney fee provision in a marital settlement agreement also awarded fees for litigation involving the "enforcement" or "modification" of the agreement. In that case, this Court awarded a husband attorney fees under the contract for successfully defending against his wife's third-party complaint, which, if successful, would have eliminated the husband's contracted rights while easing his wife's obligations under the agreement. *See Fossen*, ¶ 13. In the case at hand, Tami's § 40-6-1001(2)(b) petition, if successful, would have eliminated all of Brandon's parental rights under their contractual agreement, requiring him to "enforce" the agreement in court. Thus, *Fossen* supplements this Court's prior decision that the District Court did not err by failing to consider Tami's petition as a separate matter from the Parenting Plan.

¶15 The second argument on appeal contends that the District Court's award of attorney fees should be overturned on the ground that the Montana statute permitting Tami's initial parental termination lawsuit, § 40-6-1001, MCA, also states that "[t]he respondent to the petition has the right to counsel in all proceedings held pursuant to the petition." Section 40-6-1001(5), MCA. As a result, Tami argues that this availability of state-funded court-appointed counsel to defend against a termination

8

petition "mak[es] an award of fees for a private attorney unnecessary." However, this contention lacks merit. Section 40-6-1001(5), MCA, merely provides the right to free counsel in parental termination proceedings for qualifying litigants. It in no way mandates that Brandon resort to public representation over private counsel. We therefore hold that the District Court did not err in its application of § 40-6-1001(5), MCA.

¶16 Tami's third argument on appeal asserts that the District Court committed reversible procedural error in two ways. First, Tami alleges that the District Court erred when it failed to consider the arguments in Tami's May 8, 2018 response to Brandon's motion for attorney fees. Second, Tami alleges that the District Court erred by failing to definitively rule on whether Brandon should receive attorney fees before holding its October 4, 2019 hearing to determine the reasonableness of Brandon's requested fees. However, this Court will not reverse a decision by a district court on procedural grounds absent a showing of substantial prejudice by the complaining party. *See, e.g.*, *Green v. Green*, 181 Mont. 285, 293, 593 P.2d 446, 451 (1979). Conversely, a failure to show that a procedural error violated a party's substantial right constitutes harmless error and is not grounds for reversal. *See* M. R. Civ. P. 61. Under this standard, neither of Tami's contentions constitute reversible procedural error.

¶17 First, Tami was not substantially prejudiced by the District Court declining to consider the arguments made in Tami's May 8, 2018 response to Brandon's motion, as this brief was submitted past the court's mandated deadline. *See* Mont. Unif. Dist. Ct. R. 2(b) (stating, with regards to Rule 2 motions, that the "[f]ailure to file an answer brief by the opposing party within the time allowed shall be

9

deemed an admission that the motion is well taken."). Thus, as the District Court's judgment in this matter notes, "[a]mongst other reasons for granting Father's motion for attorneys' fees, [Brandon's] motion may be deemed well taken pursuant to Rule 2 of the Uniform District Court Rules." The District Court also provided Tami and her counsel with two separate hearings to present their arguments against Brandon's motion. The record shows that these hearings took place in October and November of 2019—almost a year and a half after Brandon's initial motion was filed in April of 2018. Thus, Tami and her counsel were provided more than adequate time to prepare and present their arguments against this motion. Thus, there is no substantial prejudice against Tami where she had both ample time and multiple opportunities to argue against Brandon's motion.

¶18 Next, there is no reversible procedural error in the District Court's decision to avoid ruling on whether Brandon should receive attorney fees before holding its October 4, 2019 hearing. Brandon's affidavit which contained his attorney fees calculation was filed on October 2, 2019, two days before this hearing. Thus, Tami argues that she was unjustly prejudiced by this procedure as her counsel was not provided adequate notice of the fact that Tami would need to argue against the amount of fees proffered, in addition to whether or not the fees should be awarded. However, no substantial prejudice to Tami occurred as a result of this decision. Instead, the District Court went out of its way to accommodate the alleged unpreparedness of Tami's counsel by granting Tami's counsel's request to hold a second hearing on November 4, 2019 for the specific purpose of allowing Tami to obtain an expert witness to rebut Brandon's

10

reasonableness arguments from the October 2019 hearing. Although Tami's counsel was ultimately unable to obtain an expert witness, her counsel was still given a month's time to prepare a response to the specific amount of fees requested by Brandon. Thus, neither of the allegations within Tami's third argument on appeal constitute reversible procedural error. Instead, the record shows that these two procedural decisions by the District Court were largely accommodating to Tami and did not substantially prejudice her.

¶19 The District Court's decision in this matter is upheld under the clear language contained within the Parenting Plan. Furthermore, in accordance with Brandon's April 17, 2020 motion before this Court, we award Brandon additional attorney fees for litigation costs incurred during Tami's appeal of her termination petition, and we remand to the District Court to determine the specific dollar amount of this award.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶21 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

11